SENECA D. KIMBARK

*v.*

SAMUEL B. RAYMOND, County Treasurer, *et al.*

*Opinion filed October 19, 1900—Rehearing denied December 19, 1900.*

This case is controlled by the decision in *Earl & Wilson* v. *Raymond,* (*ante,* p. 15.)

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

ROBERT S. ILES, for appellant.

JULIUS A. JOHNSON, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill, filed in the court below to enjoin that portion of the tax levied upon the increase made by the board of review of Cook county in the assessment of appellant's personal property in Cook county for the year 1899. The defendant in the court below filed an answer to the bill, to which answer replication was filed. Testimony was taken in open court upon the hearing of the cause; and the court dismissed the bill for want of equity. The present appeal is prosecuted from such decree of dismissal.

Appellant filed with the board of assessors a schedule of personal property, in which schedule he placed an aggregate value of $133,400.00 upon his personal property. The board of assessors adopted the valuation so made by the appellant, and assessed his personal property at the sum of $26,680.00, and returned the assessment so made by it to the board of review. The board of review, believing that the property had not been adequately assessed, caused a notice to be served upon appellant to appear upon a day certain and show cause why his assessment should not be increased. Pursuant to the notice an employee or representative of appellant appeared before the board, and was referred to one member thereof, who examined him in reference to appellant's assessment. Subsequently, the entire board of review, as it appears from the evidence, passed upon the assessment, and in consideration of the facts, and of the information obtained upon the hearing of appellant's representative before one member of the board, and the facts and infor-

mation obtained by each member thereof from men engaged in the same line of business as appellant, from his commercial rating, his standing at the banks, from financiers in the city, and from other sources, the board found the full valuation of appellant's personal property to be $250,000.00, and increased the assessment of the same to $50,000.00, and returned this assessment to the county clerk.

The questions, involved in this case, are the same as the questions involved and decided in the case of *Earl & Wilson* v. *Raymond, (ante, p. 15).* The decision in the latter case governs and controls the decision of the case at bar. Accordingly, the decree of the court below, dismissing the bill for want of equity, is affirmed.

*Decree affirmed.*